IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 30, 2008

**IN RE: B.R.W., ET AL.**

**Appeal from the Juvenile Court for Dickson County**
**Nos. 08-07-111-CC and 11-07-147-CC     A. Andrew Jackson, Judge**

---

**No. M2008-00468-COA-R3-PT - Filed July 21, 2008**

---

The mother of five children appeals the termination of her parental rights. The juvenile court terminated mother's rights on the ground of severe child abuse due to her failure to protect the children from sexual abuse by her husband. The court also found that terminating her parental rights was in all five children's best interests. We affirm.

**Tenn. App. R. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

B. Kyle Sanders, Dickson, Tennessee, for the appellant, L.M.W.

Robert E. Cooper, Jr., Attorney General and Reporter, and Lauren S. Lamberth, Assistant Attorney General, for the appellee, Tennessee Department of Children's Services.

**OPINION**

This is a consolidated appeal from separate judgments in two related petitions to terminate the parental rights of five children, all of whom have the same mother, L.M.W. (hereinafter "Mother"). The Department of Children's Services filed the first petition to terminate her rights to D.M. and C.M., children of Mother's union with W.R.W., on August 1, 2007.[1] The second petition, to terminate her rights to M.B., J.B., and H.B., children of Mother's union with J.R.B., was filed on November 21, 2007.[2] The trial on both petitions was held on January 7, 2008. Pursuant to a final order entered on February 1, 2008, Mother's parental rights to D.M. and C.M. were terminated. Pursuant to a separate final order also entered on February 1, 2008, Mother's parental rights to M.B.,

---

[1] W.R.W., the father of the three children who were the subject of the first petition, was also a defendant in the first action. His rights were terminated along with Mother's, but he did not appeal.

[2] J.R.B., the father of the two children who were the subject of the second petition, voluntarily surrendered his parental rights and did not appeal.

J.B., and H.B. were terminated. In each case, her rights were terminated on the ground of severe child abuse due to her failure to protect the children from sexual abuse by her husband, W.R.W. The court also found that terminating her parental rights was in all five children's best interests.

All five children, ages 14, 12, 10, 6 and 6, respectively,[3] were residing with Mother and W.R.W. when they came into the Department's custody on July 20, 2006. The children have remained in foster care ever since.

The children were adjudicated dependent and neglected by the Juvenile Court of Dickson County in December of 2006. The grounds for the finding were that Mother's then husband, W.R.W., had severely abused two of the children and Mother failed to protect them. That decision was appealed to the Circuit Court for Dickson County, which subsequently found that all five children had been severely abused by W.R.W. and by Mother due to her failure to protect the children. No appeal was taken from the final order of the circuit court, and therefore, the order of the circuit court became a final, non-appealable judgment.

The termination of parental rights must be based upon one of several grounds set out in the statute. Tenn. Code Ann. § 36-1-113(g). One of the grounds states that parental rights may be terminated if the parent has committed "severe child abuse" within the meaning of the statute. Tenn. Code Ann. § 36-1-113(g)(4). The definition of "severe child abuse" includes not only the affirmative acts of abuse but also the knowing failure to protect a child from such abuse, "[t]he knowing exposure of a child to or the knowing failure to protect a child from abuse or neglect that is likely to cause great bodily harm . . . ." Tenn. Code Ann. § 37-1-102(b)(21)(A).

Mother's parental rights were terminated based upon the prior finding by the circuit court of severe child abuse under Tenn. Code Ann. § 36-1-113(g)(4). Tenn. Code Ann. § 36-1-113(g)(4) specifies that termination of parental rights may be based upon the ground that "[t]he parent or guardian has been found to have committed severe child abuse as defined in § 37-1-102, *under any prior order of a court* or is found by the court hearing the petition to terminate parental rights . . . to have committed severe child abuse against the child who is the subject of the petition *or against any sibling or half-sibling of such child, or any other child residing temporarily or permanently in the home of such parent or guardian*." (Emphasis added).

The most serious consequence of a final judgment wherein it was found that the parent committed severe child abuse is that such a finding constitutes a ground for termination of parental rights.[4] Tenn. Code Ann. § 36-1-113(g)(4) ("the parent or guardian has been found to have

---

[3] The two youngest children are twins.

[4] A finding of severe abuse also triggers other statutory provisions, including "a prohibition on returning the child to the home of any person who engaged in or knowingly permitted the abuse absent consideration of various reports and recommendations." *State v. M.S.*, No. M2003-01670-COA-R3-CV, 2005 WL 549141, at *10 (Tenn. Ct. App. Mar. 8, 2005) (citing Tenn. Code Ann. § 37-1-130(c)). By statute, "No child who has been found to be a victim of severe

(continued...)

committed severe child abuse as defined in § 37-1-102, under any prior order of a court"). No proof of the fact is necessary in a subsequent action to terminate the parent's rights on that ground, the ground is proven by the prior order finding severe child abuse. *See State v. M.S.*, No. M2003-01670-COA-R3-CV, 2005 WL 549141, at *10 (Tenn. Ct. App. Mar. 8, 2005). The issue of whether abuse occurred may not be re-litigated at the termination hearing. *Id.*

The definition of "severe child abuse" includes not only the affirmative acts of abuse but also the knowing failure to protect a child from such abuse, "[t]he knowing exposure of a child to or the knowing failure to protect a child from abuse or neglect that is likely to cause great bodily harm . . . ." Tenn. Code Ann. § 37-1-102(b)(21)(A).

The ground for termination of Mother's parental rights, her willful failure to protect her children from severe child abuse committed by her husband, W.R.W., was previously adjudicated in the dependent and neglect judgment. That prior judgment, the adjudicatory order in the dependent and neglect action, was properly entered into evidence in the cases on appeal. Moreover, the prior order and findings therein were conceded by Mother at trial. Therefore, the Department proved a ground for termination of Mother's parental rights, and the only issue that remained to be determined was whether termination of Mother's parental rights was in the best interest of the children.

Factors to be considered in determining whether termination of parental rights is in the best interest of the children include, but are not limited to, the following:

> (1) Whether the parent or guardian has made such an adjustment of circumstance, conduct, or conditions as to make it safe and in the child's best interest to be in the home of the parent or guardian;
> (2) Whether the parent or guardian has failed to effect a lasting adjustment after reasonable efforts by available social services agencies for such duration of time that lasting adjustment does not reasonably appear possible;
> (3) Whether the parent or guardian has maintained regular visitation or other contact with the child;
> (4) Whether a meaningful relationship has otherwise been established between the parent or guardian and the child;
> (5) The effect a change of caretakers and physical environment is likely to have on the child's emotional, psychological and medical condition;
> (6) Whether the parent or guardian, or other person residing with the parent or guardian, has shown brutality, physical, sexual, emotional or psychological abuse, or neglect toward the child, or another child or adult in the family or household;

---

[4](...continued)
child abuse shall be returned to such custody at any time unless the court finds on the basis of clear and convincing evidence that the child will be provided a safe home free from further such brutality and abuse." Tenn. Code Ann. § 37-1-130(d). Furthermore, reasonable efforts to reunify a family are not required if the court determines that the parent has subjected the child or a sibling to severe child abuse. *See* Tenn. Code Ann. § 37-1-166(g)(4)(A).

(7) Whether the physical environment of the parent's or guardian's home is healthy and safe, whether there is criminal activity in the home, or whether there is such use of alcohol or controlled substances as may render the parent or guardian consistently unable to care for the child in a safe and stable manner;

(8) Whether the parent's or guardian's mental and/or emotional status would be detrimental to the child or prevent the parent or guardian from effectively providing safe and stable care and supervision for the child; or

9) Whether the parent or guardian has paid child support consistent with the child support guidelines promulgated by the department pursuant to § 36-5-101.

Tenn. Code Ann. § 36-1-113(i).

Mother attended the trial and was represented by counsel, but she did not testify. The only two witnesses who testified were called by the Department. In addition to the damaging evidence of Mother's failures to protect her children from her husband's abuse, the most compelling facts that pertain to best interests of the children are that Mother had not done any of the tasks required of her in the permanency plans. To aggravate matters, Mother told Nadia Fanta, the caseworker who had worked on the file, to quit contacting her. Mother introduced no evidence at trial to contradict the evidence introduced by the Department.

Based on the above, we find that Mother had not made an adjustment of circumstances, conduct, or conditions as to make it safe for the children to be with her; in fact, she made no effort in that regard. She also failed to visit the children and failed to pay child support. Additionally, there is also no evidence of a meaningful relationship between Mother and any of the children. Considering the foregoing factors, the record clearly and convincingly establishes that the best interests of all five children are served by termination of Mother's parental rights.

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the Department of Children's Services due to the mother's indigency.

_____
FRANK G. CLEMENT, JR., JUDGE